IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| v. | |
| JAMAL EZELL | NO.  02-815-01 |

DuBois, J.                                                                 February 11, 2021

**M E M O R A N D U M**

## I.     INTRODUCTION

Moving for a reduced sentence pursuant to the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), Jamal Ezell, an inmate at USP Lewisburg, contends that the unduly harsh nature of his sentence and several other factors related to his rehabilitation and readiness to reenter society present "extraordinary and compelling reasons" meriting a sentence reduction. Presently before the Court is Ezell's *pro se* Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(i) (Document No. 268, filed May 26, 2020) ("*Pro Se* Motion"), superseded by a counseled Amended Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Document No. 283, filed September 7, 2020) ("Amended Motion"). For the reasons set forth below, the Amended Motion is granted and the *Pro Se* Motion is denied as moot. Ezell's sentence is reduced to time served, approximately 22 years after adjustment for good time credit.

## II.     BACKGROUND

The history of this case is set forth in detail in the Court's Memorandum dated August 18, 2015. It will be summarized in this memorandum only as necessary to resolve the pending Motion.

**A. Ezell's Underlying Offenses and 132-Year Sentence**

In March 2002, when Ezell was 22 years old, he and several companions robbed six commercial establishments at gunpoint in three counties in and around Philadelphia. Ezell asserts, and the Government does not dispute, that "[n]obody was seriously injured during these offenses, and the total amount stolen was $14,927.84." Am. Mot., 3.

On December 17, 2002, a federal grand jury in the Eastern District of Pennsylvania returned a twelve-count Indictment against Ezell, charging him with six counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951, aiding and abetting in violation of 18 U.S.C. § 2, six counts of carrying and using a firearm during a crime of violence, and aiding and abetting in violation of 18 U.S.C. §§ 924(c) and (2). Prior to trial, the Government offered Ezell a plea agreement which provided for, *inter alia*, a 32-year term of imprisonment without a requirement of cooperation. Ezell declined the offer and elected to proceed to trial. At trial, in 2005, the jury found Ezell guilty on all counts.

On March 3, 2006, the Court sentenced Ezell to, *inter alia*, 132 years imprisonment on the six § 924(c) counts and one day of imprisonment on the six counts of Hobbs Act robbery. At that time a first conviction under § 924(c) for carrying and using a firearm in furtherance of a crime of violence required, *inter alia*, a mandatory consecutive sentence of at least five years imprisonment on the first count, increased to at least seven years imprisonment if the defendant "brandished" the firearm. Second or successive § 924(c) convictions required consecutive sentences of at least 25 years imprisonment at that time, a practice known as "stacking." Applicable law in 2005 also treated a conviction as "second or subsequent," triggering a consecutive 25-year mandatory minimum, even if the first § 924(c) conviction was in the same case. *See Deal v. United States*, 508 U.S. 129, 132 (1993).

On the first § 924(c) count, the Court sentenced Ezell to a term of imprisonment of seven years because it determined that he "brandished" a firearm during the commission of the offense. With respect to the second through sixth § 924(c) counts, the Court determined that, because of the first § 924(c) conviction, it was required under the statute to sentence Ezell to a "stacked" term of imprisonment of 25 years for each subsequent § 924(c) conviction. Thus, under the statute, the Court sentenced Ezell to 132 years imprisonment on the six § 924(c) convictions. Finding this mandatory term grossly excessive, the Court sentenced Ezell to one day imprisonment on the six Hobbs Act robbery convictions.

In its Memorandum on sentencing dated March 3, 2006, the Court expressed concern over the unduly harsh nature of Ezell's sentence, stating, "sentencing Mr. Ezell to prison for longer than the remainder of his life is far in excess of what is required to accomplish all of the goals of sentencing." *United States v. Ezell*, 417 F. Supp. 2d 667, 671 (E.D. Pa. 2006), *aff'd* 265 F. App'x 70 (3d Cir. 2008). However, the Court "reluctantly conclude[d]" that Ezell had presented no grounds for reducing the 132-year mandatory sentence and that it was bound by law to impose the sentence. *Id.* at 672.

On September 17, 2013, Ezell's former counsel filed Counsel's Amended Motion Pursuant to Title 28 U.S.C. § 2255 (Document No. 225). Ezell argued in that motion that he was denied effective assistance of counsel at several critical points in his trial, and thus his Sixth Amendment rights were violated. By Memorandum and Order dated August 19, 2015, the Court denied the Amended § 2255 Motion, but reiterated its regret "that such an unduly harsh sentence was the minimum required by law." *United States v. Ezell*, 2015 U.S. Dist. LEXIS 109814, at *34 (E.D. Pa. Aug. 19, 2015). Referencing *United States v. Holloway*, the Court called on the Government to exercise prosecutorial discretion to vacate a number of Ezell's § 924(c)

convictions through a joint motion of the parties. 68 F. Supp.3d 310, 314 (E.D.N.Y. 2014) (prosecutor agreed to vacate two of the three § 924(c) convictions so that Holloway could face a "more just resentencing"). Absent such a motion, the Court said it "remain[ed] powerless under the law to ensure that justice [was] done." *Ezell*, 2015 U.S. Dist. LEXIS 109814, at *39. The Government subsequently offered to reduce Ezell's sentence from 132 years to 45 years, but Ezell rejected this offer.

### B. Procedural Background

"On December 23, 2019, Ezell submitted a written request to the Warden at USP Lewisburg asking that the Bureau of Prisons ('BOP') move this Court for a reduction of Ezell's sentence under 18 U.S.C. 3582(c)(1)(A)(i)." Am. Mot., 2. The Warden denied Ezell's request and Ezell appealed. The BOP did not respond. *See Pro Se* Mot., 6. On June 22, 2020, defense counsel began representing Ezell and thereafter submitted to the Warden at USP Lewisburg an updated request for compassionate release on Ezell's behalf. *Id.*, 3. The Warden has not responded to that request. *Id*.

Ezell filed a *pro se* Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(i) on May 26, 2020 (Document No. 268). The Government responded on July 21, 2020. (Document No. 280). On September 7, 2020, Ezell filed a counseled Amended Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Document No. 283). The Government responded on September 25, 2020 (Document No. 284). Ezell filed a reply on

October 9, 2020 (Document No. 285).¹ Oral argument was held on January 8, 2021. The Motion is now ripe for decision.

### III. DISCUSSION

#### A. Applicable Law

Ezell seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Prior to the First Step Act, courts could consider compassionate release only upon motion of the BOP. *See* 18 U.S.C. § 3582(c)(1)(A) (2012). However, the First Step Act granted federal prisoners the right to petition a court for compassionate release for "extraordinary and compelling reasons" after first filing a request for compassionate release with the prison warden. 18 U.S.C. § 3582(c)(1)(A)(i). Generally, "extraordinary" means "[b]eyond what is usual, customary, regular, or common," and a "compelling need" is a "need so great that irreparable harm or injustice would result if it is not met." *United States v. Rodriguez*, No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020) (quoting *Extraordinary*, Black's Law Dictionary (11th ed. 2019)). A sentence reduction under § 3582(c)(1)(A)(i) must be consistent with "applicable policy statements" issued by the Sentencing Commission. *Id*.

"Extraordinary and compelling reasons," for purposes of § 3582(c)(1)(A)(i), are defined by a policy statement in § 1B1.13 of the United States Sentencing Guidelines, which cites the

---

¹ The Government filed a Supplemental Response to Amended Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and Request for Stay on November 11, 2020. (Document No. 287). Ezell filed an Opposition to Request for Stay on November 17, 2020 (Document No. 288). By Order dated December 2, 2020, the Court denied the Government's request for a stay. To the extent that the parties' briefs with respect to the Request for Stay present arguments applicable to the pending Motion, the Court considers them in deciding the pending Motion.
    Additionally, Ezell has filed several notices of supplemental authority in support of his Motion (Document Nos. 286, 289, 291, 293, 296, 299). The Government has filed a courtesy copy of its brief in *United States v. Andrews*, No. 20-2768, which is currently pending before the Third Circuit. (Document No. 290). The Court also considers these filings in resolving the Motion.

(A) medical condition, (B) age, (C) family circumstances of the defendant, and, (D) "reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," as determined by the BOP.  U.S.S.G. § 1B1.13 cmt. n.1(A)-(D).  This policy statement, which was adopted before the First Step Act, does not account for the fact that defendants may now file their own motions for compassionate release.[2]  Thus, as a majority of district courts and all of the courts of appeals that have spoken on the issue have held, § 1B1.13 is not an "applicable policy statement" in the context of defendant-filed motions.[3]  *See United States v. McCoy*, No. 20-6821, 2020 WL 7050097, at *7 (4th Cir. Dec. 2, 2020) ("join[ing] three other federal courts of appeals that recently have considered this question"); *United States v. Pollard*, No. CR 10-633-1, 2020 WL 4674126, at *5 n.5 (E.D. Pa. Aug. 12, 2020) (collecting district court cases).  Based on this authority, the Court concludes that when a defendant files a motion for compassionate release on his own behalf—as Ezell has done in this case—a district court may exercise its discretion to define "extraordinary and compelling reasons."  A court must also "consider[ ] the factors set forth in section 3553(a) to the extent that they are applicable" and evaluate whether the defendant poses a danger to the community.  §§ 3582(c)(1)(A) and 3142(g).

---

[2]  The Sentencing Commission currently lacks the quorum required to amend the Sentencing Guidelines. U.S. Sentencing Comm'n, Annual Report 2-3 (2019), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2019/2019-Annual-Report.pdf.  Thus, as many courts have recognized, the Guidelines have not been updated in response to the First Step Act.  *See, e.g.*, *United States v. Brooker,* 976 F.3d 228, 234 (2d Cir. 2020).

[3]  The Court notes that "[t]he existing policy statement continues to govern BOP-filed motions for compassionate release." *McCoy*, 2020 WL 7050097, at *7 n.7 (citing *Brooker*, 976 F.3d at 235-36; *United States v. Jones*, 2020 WL 6817488, at *8 (6th Cir. 2020).

### B. Ezell's Amended Motion[4]

#### i. *Ezell's Unduly Harsh Sentence*

Ezell characterizes his mandatory § 924(c) sentence as "indefensibly harsh" and contends that the nature of his sentence constitutes an extraordinary and compelling reason warranting a reduction under § 3582(c)(1)(A)(i). Am. Mot., 18. Unsurprisingly, the Court agrees with Ezell's characterization of his sentence. The Court has repeatedly expressed its regret that it was required by the prior mandatory provisions of § 924(c) to impose Ezell's "unduly harsh" and "grossly disproportionate" sentence. *Ezell*, 2015 U.S. Dist. LEXIS 109814, at *35. Although the Court continues to recognize the serious nature of Ezell's convictions, the Court maintains that his 132-year sentence far exceeds both the average sentence faced by those who commit even more serious crimes of violence and the length necessary to accomplish all of the goals of sentencing.

Confirming the excessiveness of sentences like Ezell's, in 2018 Congress amended § 924(c). Section 403 of the First Step Act—entitled "Clarification of § 924(c)"—limited "stacking" by imposing the 25-year mandatory minimum only in cases in which there was a prior § 924(c) conviction in a separate case that had already "become final." § 403(a), 132 Stat. at 5222. In cases in which the defendant does not have a § 924(c) conviction in a prior case, the mandatory minimum consecutive § 924(c) sentence is five years, increased to seven years if the weapon is brandished, and ten years if it is discharged. Because Ezell received his first § 924(c) conviction in this case, if convicted today, he would face a mandatory minimum sentence of 30

---

[4] A defendant may only petition a court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) after (1) "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Ezell filed his Amended Motion more than 30 days after submitting his most recent request to the Warden, which has gone unanswered. Therefore, he has fulfilled the statutory exhaustion requirement and the Court may consider his Amended Motion.

years.⁵ This change, however, does not apply retroactively to sentences, like Ezell's, which were imposed before the enactment of the First Step Act.

Having concluded that Ezell's sentence was indeed harsh, the Court thus examines whether, in combination with other factors related to Ezell's rehabilitation, the nature of Ezell's sentence constitutes an "extraordinary and compelling" reason meriting a sentence reduction under § 3582(c)(1)(A)(i). *See Brooker*, 976 F.3d at 238 (2d Cir. 2020) (naming "the injustice of [a] lengthy sentence" as a factor that may weigh in favor of a sentence reduction). Joining several courts of appeals, and a growing consensus of district courts, this Court determines that it does. *See McCoy*, 2020 WL 7050097 (affirming district courts' finding of extraordinary and compelling circumstances based primarily on the severity of defendants' § 924(c) sentences); *United States v. Gunn*, No. 20-1959, 2020 WL 6813995 (7th Cir. Nov. 20, 2020) (vacating and remanding district court's denial of compassionate release motion based in part on the severity of defendant's § 924(c) sentence); *see also United States v. Clausen*, No. CR 00-291-2, 2020 WL 4260795, at *8 (E.D. Pa. July 24, 2020) (finding extraordinary and compelling reasons based, in part, on defendant's "off the charts" sentence, "which is longer than Congress now deems warranted").⁶

        ii.        *Section 403's Non-Retroactivity Does Not Defeat Ezell's Motion*

The Government argues that because § 403 of the First Step Act does not apply retroactively, Ezell is not entitled to a sentence reduction based on the severity of his sentence.

---

⁵ As explained *supra*, Part II.A, at sentencing, the Court found that Ezell brandished a firearm in connection with his first § 924(c) count, which required the Court to impose a seven-year sentence on that count. However, after Ezell's sentencing, the Supreme Court held that any fact that increases a mandatory minimum sentence is an "element" that must be submitted to the jury. *Alleyne v. United States*, 570 U.S. 99 (2013). Thus, such judicial factfinding would not be permitted today and, because the jury did not find that Ezell had brandished a firearm, he would have been sentenced to only five years on each § 924(c) count.

⁶ *United States v. Jones*, No. 19-CR-1947, 2020 WL 2526478, at *10 (N.D. Ill. May 18, 2020) (collecting cases); *United States v. Brown*, No. 01-CR-196-JPS, 2020 WL 4569289, at *2 (E.D. Wis. Aug. 7, 2020) (collecting cases); *United States v. Arey*, 461 F. Supp. 3d 343, 352 (W.D. Va. 2020) (collecting cases).

In seeking a reduced sentence under § 3582(c)(1)(A)(i), which would produce a result similar to retroactive application of § 403, the Government contends that Ezell is attempting to subvert Congress's clear intent.  The district court in *United States v. Andrews* agreed with this reasoning, determining that by granting a compassionate release motion based in part on a lengthy § 924(c) sentence, a court would usurp the legislative role by effectively applying § 403 retroactively.  No. CR 05-280-02, 2020 WL 4812626, at *7 (E.D. Pa. Aug. 19, 2020) ("Granting a motion for compassionate release on the basis of the amendment to § 924(c) would supplant the retroactivity determination of courts—that the amendment should be applied retroactively on a case-by-case basis—for the retroactivity determination of Congress—that the amendment should not be applied retroactively."), *appeal filed*, *United States v. Andrews* (3d Cir. Sept. 4, 2020).

This Court disagrees with the result reached in *Andrews*.  The *Andrews* reasoning overlooks the fundamental purpose of the compassionate release statute.  Section 3582(C)(1)(A) implemented a "safety valve" that allows a court to reduce a sentence upon finding extraordinary and compelling reasons—often when such a reduction is not permitted by the statute under which the defendant was initially sentenced or any other law.  *See McCoy*, 2020 WL 7050097, at *11 (quoting *United States v. Jones*, 2020 WL 5359636, at *8 (N.D. Cal. Aug. 27, 2020)).  In declining to give § 403 retroactive effect, Congress did not express a broad intent to foreclose other avenues of relief to the class of defendants sentenced under the pre-First Step Act § 924(c).  Nor did it instruct courts to refrain from exercising their authority under § 3582(C)(1)(A) if, in so doing, they might coincidentally produce a result consistent with the retroactive application of § 403.  Moreover, when Congress passed the original compassionate release statute in 1984, it provided that courts may consider whether a defendant is serving "an unusually long sentence"

when ruling on a motion for a sentence reduction. *See Brooker*, 976 F.3d at 238 (citing S. Rep. No. 98-225, at 55-56 (1984)) (identifying "unusual cases" in which a sentence reduction is justified, including, "cases in which other extraordinary and compelling circumstances justify a reduction of an unusually long sentence."). Thus, when a district court identifies a limited set of cases which present extraordinary and compelling reasons—even those based on the length of a defendant's sentence—it is not subverting the purpose of § 403, but rather is fulfilling the purpose of § 3582(C)(1)(A).

Unlike the court in *Andrews*, another court in this District rejected the Government's non-retroactivity argument, stating that "'[i]t is not unreasonable for Congress to conclude that not all defendants convicted under § 924(c) should receive new sentences, even while expanding the power of the courts to relieve some defendants of those sentences on a case-by-case basis' through compassionate release." *Clausen*, 2020 WL 4260795, at *7 (quoting *United States v. Chan*, 2020 WL 1527895, at *6 (N.D. Cal. Mar. 31, 2020)). The Fourth Circuit adopted this reasoning, stating "we see nothing inconsistent about Congress's paired First Step Act judgments[.]" *McCoy*, 2020 WL 7050097, at *11. "As multiple district courts have explained, there is a significant difference between automatic vacatur and resentencing of an entire class of sentences . . . and allowing for the provision of individual relief in the most grievous cases." *Id*. As in all sentencing matters, a court's discretion under § 3582(C)(1)(A) is broad, and is not constrained by § 403. *See Brooker*, 976 F.3d at 237-38 ("The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.' 28 U.S.C. § 994(t)").

In this case, the Court considers the century-long disparity between the length of the original sentence Ezell received and what he would receive today a strong indication that his

10

circumstances are "extraordinary and compelling." As set forth below, the Court conducts an individualized review of Ezell's circumstances and identifies this factor as one of several that weighs in favor of reducing his sentence. *See McCoy*, 2020 WL 7050097, at *11 (affirming the district courts' granting of compassionate release because they "relied not only on the defendants' § 924(c) sentences but on full consideration of the defendants' individual circumstances").

### iii. 18 U.S.C.§ 3553(a) Factors and the Fact That Ezell Does Not Pose a Danger to the Community Weigh in Favor of a Sentence Reduction

The Court next "consider[s] the factors set forth in section 3553(a) to the extent that they are applicable" to Ezell's Motion. 18 U.S.C. § 3582(c)(1)(A). Under 18 U.S.C. § 3553(a), a court must "impose a sentence 'sufficient, but not greater than necessary' to accomplish the goals of sentencing." *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (quoting § 3553(a)). Applicable § 3553(a) factors include: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide punishment, deter criminal conduct and protect the public from further crimes by the defendant; (3) the kinds of sentences and sentencing ranges available; and (4) the need to avoid unwarranted sentence disparities among defendants committing similar offenses. *See United States v. Babbitt*, No. CR 18-384, 2020 WL 6153608, at *10 (E.D. Pa. Oct. 21, 2020) (summarizing 18 U.S.C. § 3553(a) factors). Additionally, a court must find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."[7] U.S.S.G. § 1B1.13(2).

---

[7] Applicable § 3142(g) factors include, "the nature and circumstances of the offense," "the person's character, physical and mental condition, family ties, employment, . . . criminal history," "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

11

The Government does not contend that Ezell would be a danger if released or that the § 3553(a) factors counsel against a reduction. Additionally, in 2015, the Court recognized that Ezell had "taken steps to better himself while in prison." *Ezell*, 2015 U.S. Dist. LEXIS 109814, at *38. Based on the following evidence, the Court determines that Ezell's "history and characteristics" demonstrate his commitment to his rehabilitation and readiness to reenter society.[8] Additionally, in light of Ezell's relative youth at the time of his offenses and his minimal disciplinary record while in custody, the Court concludes that Ezell does not pose a danger to his community.

Although Ezell has had no reason to believe that he would be released from prison during his lifetime, he has continued to develop skills that he may utilize in becoming a productive member of society. During his incarceration, as reflected in his transcript, Ezell has completed over 700 hours of education on various topics, including job-readiness, computer skills, vocational training, personal wellness, and cognitive-behavioral programs. Am. Mot., Ex. A. At the federal institutions where he has been incarcerated, he has completed several dozen programs—including various sports leagues, anger management and victim empathy—and has received certificates of completion, awards and honors. *Id*. He currently works as a plumber and has been offered a construction job upon his release. Am. Mot., 23-24. Rather than dwelling on his effective life-sentence, Ezell has continually worked to better himself while in prison, and as a result, the Court determines that the § 3553(a) factors weigh heavily in favor of a sentence reduction.

---

[8] The Court has already discussed its view that Ezell's sentence far exceeded the length necessary to "reflect the seriousness of the offense, promote respect for the law, provide punishment, deter criminal conduct and protect the public from further crimes by the defendant." § 3553(a). Thus, in evaluating the applicable § 3553(a) factors, the Court focuses on "the defendant's history and characteristics."

Ezell next contends that he is not a danger to the community because he has received only a few infractions over the course of his incarceration and has not had any disciplinary incidents since 2007. Am. Mot., 26. Ezell's relative youth at the time of his offenses—22 years old—supports his contention that he has since outgrown the "impulsive behaviors" that led to his crimes. *Id.*, at 25. The Court recognizes that young offenders who dedicate themselves to self-improvement while in prison have the potential to become fully rehabilitated upon release, significantly diminishing their likelihood of recidivating. In Ezell's case, his efforts at rehabilitation have resulted in a minimal disciplinary record over his nearly two decades of incarceration, which supports the conclusion that he is unlikely to recidivate. At 41 years old, Ezell has not incurred a disciplinary infraction since he was in his twenties, demonstrating that he has "aged out of violent crime." *Id.* Accordingly, the Court concludes that he does not pose a danger to the community.

The Court reiterates that Ezell's offenses were serious. However, it finds that Ezell has sufficiently demonstrated—based on his efforts in prison and statements at oral argument—an understanding of the serious nature of his crimes, remorse for his actions, and a commitment to doing better. *See* Oral Arg. Tr., 70:3-15, *Ezell*, (Document No. 297) (expressing remorse for his actions and their impact on victims, and stating, "[b]ut, now, . . . I grew up and I think a whole lot different than I did when I came to prison. And yeah, I'm very remorseful for my actions."). These findings demonstrate that the objectives of sentencing, as outlined in sections 3553 and 3142(g), have been accomplished in Ezell's case. The Court therefore concludes that, coupled with the severity of Ezell's sentence, all of these factors provide an extraordinary and compelling reason to grant Ezell's Motion. *See McCoy v. United States*, No. 2:03-CR-197, 2020 WL 2738225, at *6 (E.D. Va. May 26, 2020), *aff'd*, No. 20-6821, 2020 WL 7050097 (4th Cir. Dec. 2,

13

2020) ("Petitioner's relative youth at the time of the sentence, the overall length of the sentence, the disparity between his sentence and those sentenced for similar crimes after the First Step Act, and his rehabilitative efforts form an extraordinary and compelling basis for relief.").

                iv.       *Ezell Sentence is Reduced to Time Served*

Ezell asks the Court to reduce his sentence to time served, stating that he "has already served more than 18 years, the equivalent, considering good time, of a sentence of [approximately 22] years." Am. Mot., 22. The Government characterizes this request as "radical" and contends that, if the Court grants Ezell's Motion, it should not reduce Ezell's sentence to below 30 years, which, is the current mandatory minimum for six § 924(c) convictions. Resp., 5; Part III.B n.5, *supra*. The Government further argues that consideration of Ezell's Motion is premature on the ground that, if the Court grants Ezell's Motion, it should adhere to the current mandatory minimum.

As a preliminary matter, the Court rejects the Government's argument that consideration of Ezell's Motion is premature. As the court in *Clausen* recognized, in granting a motion for compassionate release, "courts have no obligation to reduce the sentence in a way that provides immediate release from prison." 2020 WL 4260795, at *8 (citing *United States v. Young,* 458 F. Supp. 3d 838, 849 (M.D. Tenn. 2020)). "[A] downward adjustment may be made even if it results in continued incarceration." *Id.*; *see United States v. Maumau*, No. 08-CR-00758, 2020 WL 806121, at *8 (D. Utah Feb. 18, 2020); *United States v. Urkevich*, No. 8:03CR37, 2019 WL 6037391, at *4 (D. Neb. Nov. 14, 2019), *appeal dismissed*, No. 20-1603, 2020 WL 5642024 (8th Cir. Apr. 1, 2020) (explaining that a reduction of sentence that does not result in immediate release will assist the defendant and BOP in planning for the defendant's ultimate release). Additionally, the Court concludes that, pursuant to §§ 3582(C)(1)(a)(i), 3553(a) and 3142(g), it

has authority to reduce Ezell's sentence to a length it deems appropriate, even if that length is shorter than the current mandatory minimum.

Based on its conclusion that Ezell's case presents extraordinary and compelling circumstances, the Court determines that it has the authority to reduce his sentence to time served. At oral argument, the Government conceded this point, just as it had previously in *United States v. Maumau*. 2020 WL 806121. In response to the Court's question at oral argument, is it correct that, "in this case, should I find extraordinary or compelling circumstances, the Government would take the position that I am not bound to impose a sentence in excess of 30 years, which is the current mandatory minimum?," the Government answered, "Yes, that is correct and that is our position." Oral Arg. Tr., 28:16-24, *Ezell* (Document No. 297). Additionally, in *Maumau* the Government stated in supplemental briefing that "if a case is properly subject to sentence modification under the 3582 compassionate release statute . . . the court would then be entitled to fashion a new sentence that is consistent with both the purposes of the identified compassionate release criterion and the 3553 factors as a whole." Supp. Briefing, *Maumau*, Document No. 1757.

Further, several other district courts, including one in this District, that have reduced sentences to below the current mandatory minimum in granting compassionate release. *See, e.g.*, *Clausen*, 2020 WL 4260795; *United States v. Defendant(s)*, No. 2:99-CR-00257-CAS-3, 2020 WL 1864906 (C.D. Cal. Apr. 13, 2020) (reducing life sentence to time served of 20 years, despite a 28-year mandatory minimum). In *Clausen*, another court in this District rejected the current mandatory minimum and reduced the defendant's 213-year sentence based on nine § 924(c) convictions (carrying a current mandatory minimum of at least 45 years) to time served of just over 20 years. Order, *Clausen*, No. CR 00-291-2, Document No. 284. Thus, in reducing

Ezell's sentence to time served, the Court acts pursuant to its authority under §§ 3582(C)(1)(A)(i), 3553(a) and 3142(g) and joins multiple other district courts, including one in this District, that have reduced sentences to below the mandatory minimum.

The Court concludes that a reduction to time served is appropriate in Ezell's case on the ground that his time in prison has already accomplished all the goals of sentencing and his continued incarceration would serve no meaningful purpose. *See* Part III.B.ii. As the Court has already determined that Ezell demonstrates a readiness to reenter society and that he poses no danger to the community, his continued incarceration may even adversely affect Ezell's marked rehabilitation. *See* Valerie Wright, Ph.D., *Deterrence in Criminal Justice: Evaluating Certainty vs. Severity of Punishment*, THE SENTENCING PROJECT 7 (2010) (presenting findings from a study of a nationally representative sample of prisoners demonstrating "an increased likelihood that lower-risk offenders will be more negatively affected by incarceration," and that "reduced sentences may reduce recidivism rates"). Further, Ezell has already served a longer sentence than the 15-year sentences of his co-defendants, Eric Jewell and Eric Mitchell, who pled guilty and have already been released from custody. Am. Mot., 4; *see also United States v. Price*, No. CR 07-0152-06 (ESH), 2020 WL 5909789, at *7 (D.D.C. Oct. 6, 2020) (identifying as an extraordinary and compelling reason the fact that defendant's co-defendants had already been released). Accordingly, the interests of justice and consistency in sentencing, as well as the §§ 3553(a) and 3142(g) factors, counsel against Ezell's continued incarceration.

IV. **CONCLUSION**

For the foregoing reasons, Ezell's counseled Amended Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is granted and his *pro se* Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(i) is denied as moot. Ezell's sentence is reduced to

16

time served, approximately 22 years after adjustment for good time credit. An appropriate order follows.